IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PORTER MOORE III,

    Petitioner,

v.                                             CIV 12-845 JCH/GBW

UNITED STATES OF AMERICA

    Respondent.

## ORDER

This matter comes before the Court on Petitioner's Motion in Letter Form for Production of Documents and Motion for Leave of Court in Order to Prepare Pleadings. *Doc. 16*. The Court has reviewed the motion and hereby GRANTS it in part and DENIES it in part.

**I. PETITIONER SHALL NOT BE PERMITTED EXPANSION OF THE RECORD OR, IN THE ALTERNATIVE, DISCOVERY**

Petitioner requests that this Court grant him leave to conduct discovery into the record of his underlying criminal action, Criminal Case No. 11-2675, citing Rule 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts. *Doc. 16* at 2. Plaintiff requests a variety of documents, including: "Policy Rpt(s), Arrest Documents, Lab Reports, Hearing Transcripts, and other documents that are of the discovery." *Id.* at 1 (original wording).

Rule 7(a) authorizes the Court to direct the parties to expand the record by submitting additional materials relating to the § 2255 Motion. Rule 7(a), Rules Governing Section 2255 Proceedings for the U.S. Dist. Courts. The Court sees no basis for ordering expansion of the record in this case. To the extent that Petitioner is willing to pay for specific additional materials, he can send any such request to the Clerk's Office, United States District Court for the District of New Mexico, 333 Lomas Blvd N.W., Albuquerque, N.M. 87102. If Plaintiff is seeking for the Court to provide him with such materials, "[a]bsent a showing of a particularized need, the Court generally does not provide copies of transcripts or other information to indigent prisoners." *United States v. Porter*, 2012 WL 911518, at *1 (D. Kan. Mar. 16, 2012); *see also Brown v. N.M. Dist. Court Clerks*, 141 F.3d 1184, at *3 n.1 (10th Cir. 1998) (noting that a habeas petitioner is not entitled to free transcript unless he "first demonstrate[s] that his claim is not frivolous and that the transcript is needed to decide the issue presented by the suit before the court is required to provide him with a free transcript"). Conclusory statements such as Petitioner's, stating only that the documents are required to defend against the dismissal of Petitioner's application, are insufficient. *See United States v. McIntyre*, 2012 WL 5835379, at *2 (D. Kan. Nov. 16, 2012).

If, in fact, Petitioner is seeking discovery under Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court may allow discovery if Petitioner demonstrates "good cause". Rule 6(a), Rules Governing Section

2255 Proceedings for the United States District Courts, *see also United States v. Corrales*, 2011 WL 3880900, at *2 (D. Kan. Aug. 31, 2011).  In order to show good cause, Petitioner must demonstrate provide "specific allegations [that] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  *Corrales*, 2011 WL 3880900, at *2 (*quoting Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997)).  Petitioner has not explained what facts would be developed through the requested materials that would ultimately entitle him to relief.  The Court therefore denies Plaintiff's request for discovery.

II.  **PETITIONER SHALL BE GRANTED ADDITIONAL TIME TO FILE OBJECTIONS TO THE REPORT AND RECOMMENDATIONS**

In addition to his request for expansion of the record or discovery, Petitioner also states that he requests additional time to respond to the Report and Recommendations (*doc. 15*).  *Doc. 16* at 2.  The Court grants Petitioner's request and Petitioner shall have fourteen (14) days from the date of the filing of this Order to file Objections to the Report and Recommendations.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE